UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERIC SMITH (#132195)**                                    **CIVIL ACTION**

**VERSUS**

**SGT. ROBERT FRANKLIN, ET AL.**                            **NO. 10-0138-RET-CN**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, December 6, 2010.

                                    _____
                                    **MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ERIC SMITH (#132195)**                                    **CIVIL ACTION**

**VERSUS**

**SGT. ROBERT FRANKLIN, ET AL.**                             **NO. 10-0138-RET-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on (1) the Motion to Dismiss of defendants Steve Rader, Boyd McCartney (erroneously identified in the plaintiff's Complaint as Boyd "McCodney"), Jeffery Sloan, Regena McCray, Rhonda Prewitt, Nanette Stevens, Dr. Anthony Tarver, James Stevens, and Denise Felker, rec.doc.no. 15, and (2) the Motion to Dismiss and Motion for Summary Judgment of defendant Robert Franklin, rec.doc.nos. 20 and 21. These motions are not opposed.

The pro se plaintiff, an inmate now or previously confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana,[1] brought this action pursuant to 42 U.S.C. § 1983 against Sgt. Robert Franklin, Warden Steve Rader, Msgt. Boyd McCartney, Lt. Jeffery Sloan, Msgt. Regena McCray, Nurse Rhonda Prewitt, Nurse Nanette Stevens, Dr. Anthony Tarver, Ass't Warden James Stevens, and Capt. Denise Felker, complaining that his constitutional rights were violated on July 28, 2009, when defendant

---

[1] Commencing on or about September, 2010, the plaintiff has submitted pleadings to the Court with a return address suggesting that he is now confined at Allen Correctional Center in Kinder, Louisiana. See rec.doc.nos. 16, 17, 25 and 26. The plaintiff has never, however, advised the Court of a change to his record address. Pursuant to Local Rule 11.1M of this Court, the plaintiff is required to keep the Court apprised of any address change, and he was explicitly instructed to do so on the § 1983 Complaint form which he utilized to submit his Complaint in this case. Notwithstanding this apparent failure, the Court notes that the defendants have forwarded copies of their motions to dismiss and for summary judgment to the plaintiff at both his record address and at Allen Correctional Center. Accordingly, in the interest of justice, the Court will forward copies of this Report and Recommendation to the plaintiff at both addresses as well.

Franklin subjected the plaintiff to excessive force without provocation while defendant McCartney stood by and took no action to prevent the use of force. The plaintiff further complains that he was thereafter charged with a false disciplinary report by defendant Franklin and that, as a result, he was placed in a "stripp cell", where he remained until October 12, 2009, without his property, without writing or legal supplies, without outside communication, and without any clothes except for a single pair of boxer shorts.

Addressing first the Motion to Dismiss of defendants Steve Rader, Boyd McCartney, Jeffery Sloan, Regena McCray, Rhonda Prewitt, Nanette Stevens, Dr. Anthony Tarver, James Stevens and Denise Felker, rec.doc.no. 15, a Complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to

relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, as amended, the plaintiff includes no factual allegations whatever relative to the moving defendants and, except as to defendant Boyd McCartney, mentions these parties only in the Caption of the Complaint and in the section entitled "Parties". In fact, it is not even clear that the plaintiff intends to name all of the moving defendants as parties to this proceeding inasmuch as he refers to several of them merely as "witnesses". In any event, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been either personally involved in conduct

causing an alleged deprivation of a plaintiff's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates and/or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint and Amended Complaint, it appears that the plaintiff has made no factual allegations whatever against the moving defendants and no assertion that these defendants have taken any direct or personal action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no assertion that any of these defendants, with the exception of Boyd McCartney, was present, was aware, or was a participant in the referenced incident of July 28, 2009, or had any involvement in the plaintiff's subsequent disciplinary proceedings or punishment. And with regard to defendant McCartney, the sole allegation which the plaintiff makes against this defendant is that the defendant was present on the cell tier when defendant Robert Franklin allegedly slapped and punched the plaintiff without provocation and without warning. In the Court's view, this assertion does not state a claim of personal participation by defendant McCartney, particularly in the absence of any assertion that

defendant McCartney knew, with sufficient time and opportunity to take action to prevent it, that defendant Franklin was about to utilize excessive force against the plaintiff.[2] Accordingly, the plaintiff's claims asserted against these defendants are without legal foundation, and these defendants are entitled to judgment, dismissing them from this proceeding as a matter of law.

Turning to the Motion for Summary Judgment of the remaining defendant, Robert Franklin, this defendant asserts, relying upon the pleadings, a Statement of Undisputed Facts, and the affidavit of Cherryl Taylor, that the plaintiff has failed to exhaust administrative remedies relative to the claims asserted against this defendant. In this regard, pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[3] This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available

---

[2] Although liability may be imposed against a prison official who stands by and fails to intervene and take reasonable action to protect an inmate from another officer's use of excessive force, the test is whether the observing officer had actual knowledge of a substantial risk of harm to the inmate yet disregarded that risk and failed to take reasonable measures to prevent the resulting harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

[3] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party carries its burden of proof under Rule 56(c), the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra; Rule 56(e). This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In the instant case, the defendant has come forward with competent

evidence, in the form of an affidavit submitted by the Administrative Coordinator at DCI, who avers that she is responsible for "the processing of DCI prison grievances ... and the maintenance and certification ... of DCI offender records related to [the] grievance process". She further avers that, insofar as her records reflect, the plaintiff submitted only a single administrative grievance relative to the claims asserted herein, which grievance was received by prison officials on December 16, 2009, and which grievance was rejected by prison officials on December 18, 2009, as untimely. Specifically, she avers that the established administrative rules require that a grievance be filed within 90 days of an incident complained of, and inasmuch as the plaintiff's grievance was filed more than 90 days after the alleged incident of July 28, 2009, the grievance was specifically rejected as untimely on December 18, 2009. Accordingly, the defendant has submitted affirmative proof in connection with the pending motion for summary judgment which reflects that the plaintiff has failed to exhaust available administrative remedies. Accordingly, the burden has since shifted to the plaintiff to refute the defendant's assertions in this regard. Notwithstanding the shifting of this burden, and notwithstanding notice and an opportunity to respond, the plaintiff has not filed any opposition to the defendant's motion.

Although the plaintiff has made the assertion, in his unsworn original Complaint, that he submitted an earlier timely administrative grievance on October 20, 2009, but that prison officials failed to acknowledge same or respond thereto, this unsworn assertion is not properly before the Court in connection with the instant motion for summary judgment. In this regard, the law is clear that a party may not rest upon mere allegations or denials contained in his unsworn pleadings in opposing a motion for summary judgment. Celotex Corp. v. Catrett, 477

U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984). In order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on [his] hands, complacently relying" on the pleadings. Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990). Instead, the non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987). This the plaintiff has not done. He has not, for example, provided any affidavit or statement made under penalty of perjury attesting that he filed an earlier timely grievance, he has not provided the Court with a copy of the purported earlier-filed grievance, and he has not filed any opposition to the defendant's motion for summary judgment, nor refuted any of the sworn assertions provided therewith. Accordingly, in the absence of any proof that the plaintiff submitted a timely administrative grievance to prison officials, his unsworn assertion that he did so is not properly before this Court on summary judgment. Therefore, upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute the defendant's motion in this case, summary judgment should be granted in favor of the defendant as a matter of law.[4]

---

[4] In light of the Court's resolution of the defendant's Motion for Summary Judgment, there is no need for the Court to address the defendant's pending Motion to Dismiss. Accordingly,

RECOMMENDATION

It is recommended that the Motion to Dismiss of defendants Steve Rader, Boyd McCartney, Jeffery Sloan, Regena McCray, Rhonda Prewitt, Nanette Stevens, Dr. Anthony Tarver, James Stevens, and Denise Felker, rec.doc.no. 15, be granted, dismissing the plaintiff's claims asserted against these defendants for failure of the plaintiff to state a claim upon which relief may be granted. It is further recommended that the Motion for Summary Judgment of defendant Robert Franklin, rec.doc.no. 21, be granted, dismissing the plaintiff's claim asserted against this defendant for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. Finally, it is recommended that the Motion to Dismiss of defendant Robert Franklin, rec.doc.no. 20, be denied as moot, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, December 6, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

the Motion to Dismiss, rec.doc.no. 20, should be denied as moot.